UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEAVER COUNTY EMPLOYERS RETIREMENT FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TILE SHOP HOLDINGS, INC., et al.,<br><br>Defendants. | Case Nos. 16-mc-80062-JSC<br><br>**ORDER RE: GOTHAM CITY RESEARCH LLC'S MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 23 |

Plaintiffs filed this action to compel third-party Gotham City Research, LLC ("Gotham") to respond to deposition and document subpoenas. On June 6, 2016, the Court granted Plaintiffs' motion in part and denied it in part. (Dkt. No. 21.) Now pending before the Court is Gotham's motion for leave to file a motion for reconsideration. Gotham contends that the Court erred as a matter of fact and law in concluding that Gotham was required to respond to Plaintiffs' subpoena. (Dkt. No. 23.) The Court in its discretion DENIES the motion.

**DISCUSSION**

The subpoenas at issue arose out of a putative securities class action pending in the United States District Court for the District of Minnesota. *See Beaver County Employers Retirement Fund v. Tile Shop Holdings, Inc.*, No. 14-cv-786-ADM-TNL (D. Minn.). Plaintiffs initiated the Minnesota lawsuit following the publication of a negative report about defendant Tile Shop Holdings, Inc. ("Tile Shop") by Gotham, an investor who shorted Tile Shop stock. Both Plaintiffs

and Defendants served third-party subpoenas on Gotham seeking documents and depositions. When Gotham failed to comply with the subpoenas, the parties filed separate actions to compel Gotham's compliance, which were subsequently consolidated. *See Beaver County Employers Retirement Fund v. Tile Shop Holdings, Inc.*, No. 16-80062 (Plaintiffs' action); *Beaver County Employers Retirement Fund v. Tile Shop Holdings, Inc.*, No. 16-80076 (Defendants' action). The Court thereafter denied Defendants' motion to compel compliance and granted Plaintiffs' motion in part.[1] (Dkt. No. 21.) With respect to Plaintiffs' motion, the Court rejected Gotham's objections to the subpoenas based on trade secrets and undue burden and rejected Gotham's claim that the information sought was protected by the journalist privilege. Gotham was ordered to identify its source for the information in its report which indicated that Tile Shop employee Fumitake Nishi, who was also the Tile Shop CEO's brother-in-law, owned Beijing Pingxiu ("BP"), Tile Shop's largest supplier. Gotham now seeks leave to file a motion for reconsideration of this Order.

A party seeking leave to file a motion for reconsideration must show either: (1) "at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court"; (2) "[t]he emergence of new material facts or a change of law occurring after the time of such order;" or (3) a "manifest failure by the Court to consider material facts or dispositive legal arguments" previously presented to the court. N.D. Cal. Civ. L. R. 7-9(b), "No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party...seeks to have reconsidered." N.D. Cal. Civ. L.R. 7-9(c). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

Gotham argues that (1) there is a material difference between the facts understood by the Court and the actual facts; (2) the Court failed to consider certain material facts; and (3) the Court

---

[1] Defendants separately filed a Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge which has been referred to a district court judge for disposition. *Beaver County Employers Retirement Fund v. Tile Shop Holdings, Inc.*, No. 16-80076, Dkt. No. 30.

1  made a legal error with respect to application of the journalist privilege.  None of these arguments
2  are availing.

### A.  The Court Correctly Stated the Facts

Gotham first argues that there is a material difference between the facts as understood by the Court and the true facts because Gotham reports newsworthy information even when it holds no financial position in the subject company's shares.  In support of this, and the rest of its arguments, Gotham offers a supplemental declaration from Daniel Yu, Gotham's founder, publisher, and editor. (Dkt. No. 23-1.)  Mr. Yu's supplemental declaration attests that "if I determined that a company Gotham was investigating had disclosed materially false information (or failed to disclose material information), and Gotham did not hold a short position in the shares of the company's stock, Gotham would still *likely* issue a report." (*Id*. at ¶ 2 (emphasis added).)  While this statement is certainly more equivocal than Mr. Yu's prior declaration wherein he stated simply that "[i]f Gotham believes that a company's reported financial information or business information is materially misleading, then Gotham takes a short position in the company's stock before issuing its report," it does not actually state that Gotham *has* issued reports where it did not hold a short position.  (Dkt. No. 11-2 at ¶ 6.)

Further, the example cited in Mr. Yu's declaration—that Gotham chose not to issue a report about a company called Hanergy because the Financial Times published an in-depth analysis of the story before Gotham did thus eliminating the "newsworthiness" of Gotham's report—could just as easily have been because Gotham was scooped and its story lost relevance (and investment opportunity) when the Financial Times reported it first.  Likewise, that Gotham tweets about companies in which it does not have a financial interest is immaterial; there are numerous reasons businesses maintain a Twitter profile that are unrelated to the distribution of newsworthy information.  Gotham did not and has not said that it has ever published a report without first having taken a short position in the targeted company's stock.  There are thus no material factual omissions or misstatements in the Court's Order.

### B. The Court Considered the Material Facts in the Record

Next, Gotham argues that the Court mistakenly concluded that Gotham possesses dispositive undisputed evidence regarding the Tile's Shop's knowledge of Nishi's ownership of BP. Not so. The Court rejected Gotham's argument that information regarding how Gotham knew Nishi owned BP was cumulative of information that Plaintiffs otherwise had in their possession indicating that the Tile Shop and its executive should have known of Nishi's relationship with BP. Because it was unclear how Gotham knew that Nishi owned BP, it was possible that Gotham learned this information from a source that could also provide dispositive—not speculative—evidence regarding the Tile's Shop's knowledge. In Mr. Yu's new declaration, he for the first time reveals the source of Gotham's knowledge regarding BP's ownership; namely, a tweet that prompted Gotham to do internet research and obtain Chinese financial documents which confirmed BP's ownership. (Dkt. No. 23-1 at ¶ 4.) This information moots Gotham's motion as it has now revealed the very information the Court ordered it to disclose.

### C. The Court Applied the Correct Legal Standard

Finally, Gotham argues that the Court misapplied the Ninth Circuit's holding in *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993), and the Second Circuit's holding in *In re Fitch*, *Inc*., 330 F.3d 104 (2d Cir. 2003), in concluding that the journalist privilege did not apply here. Not so. The Court held that Gotham had not met its burden of demonstrating that the qualified journalist privilege applied because the record indicated that before Gotham issued a report, it took a short position on the targeted company's stock such that its interest in publishing was based on its ability to make a profit from the subsequent drop in the target company's share price. There was, and still is, no evidence that Gotham has not always done the two things together—take a short position and publish a report. Gotham's arguments regarding *Fitch* are likewise unavailing and merely rehash arguments that were or could have been made before. Gotham has thus failed to demonstrate "manifest failure by the Court to consider material facts or dispositive legal arguments" to justify reconsideration. Civ. L.R. 79-5(b)(3).

**CONCLUSION**

A motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  Gotham has failed to demonstrate that such an extraordinary remedy is appropriate especially considering that it has now disclosed the very information it sought to shield, thereby rendering its objections moot.  Gotham's motion for leave to file a motion for reconsideration is thus DENIED.  (Dkt. No. 23.)

**IT IS SO ORDERED.**

Dated: June 29, 2016

JACQUELINE SCOTT CORLEY
United States Magistrate Judge